Filed 9/25/20  P. v. Deterding CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073523 |
| v. | (Super.Ct.No. FWV18003681) |
| JOSEPH THOMAS DETERDING, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed.

Richard Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

<u>INTRODUCTION</u>

Defendant and appellant Joseph Thomas Deterding was charged by amended information with making or passing a fraudulent check exceeding $950 in value with the

1

intent to defraud (Pen. Code,[1] § 476 count 1) and second degree commercial burglary (§ 459, count 2). The information also alleged that he had one prior strike conviction. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) A jury found defendant guilty of both counts. In a bifurcated hearing, a trial court found the prior strike allegation true. Defendant moved the court to dismiss the strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court denied the motion. The court declined to adopt the probation officer's recommendation to sentence defendant to the midterm of two years, but instead sentenced him to the low term of 16 months on count 1, which was doubled pursuant to the prior strike conviction, for a total term of 32 months in state prison. The court stayed the sentence on count 2, pursuant to section 654.

Defendant filed a timely notice of appeal. We affirm.

FACTUAL BACKGROUND

On June 2, 2018, defendant attempted to cash a check at a bank. The teller asked for his identification, and he presented an expired driver's license. Pursuant to the bank's policy, the teller could not accept an expired identification, so he asked defendant if he could provide an alternate form of identification. He was unable to do so. When the teller would not cash the check, defendant became upset. The teller asked the branch manager to see what they could do. The branch manager saw the check and suspected it was fraudulent. She looked up the check in the bank system and discovered that several

_____

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

2

fraudulent checks had been issued from that account, and there was a warning not to cash any checks. The branch manager informed defendant that the check was fraudulent, and they could not cash it. She also said she had to keep the check to send it to their risk department, pursuant to bank policy. The branch manager asked defendant where he got the check, and he said he received it in the mail and that he worked for the company that issued it. Defendant said he needed to cash the check, and he was not going to leave until he either got the money or the check back. He eventually left, but then came back with another man. They said they wanted to either cash the check or get it back. The bank manager called the police.

At trial, a security risk and safety manager who worked for the company listed on the check testified that the check was not issued by his company. He also testified that defendant had never been employed by his company.

DISCUSSION

Defendant appealed and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and identifying two potential arguable issues: (1) whether there was sufficient evidence to prove defendant had the requisite intent to be guilty of check forgery; and (2) whether the court abused its discretion in denying defendant's *Romero* motion. Counsel has also requested this court to undertake a review of the entire record.

3

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


<u>FIELDS</u>_____
                                                                        J.


We concur:


<u>RAMIREZ</u>_____
                            P. J.


<u>McKINSTER</u>_____
                            J.